UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

           Plaintiff,

-vs-                                                Case No. 2:09-cv-16-FtM-29SPC

UNITED STATES CONGRESS; STATE OF
FLORIDA; UNITED STATES TREASURY
DEPT.; WELLS FARGO BANK; BANK OF
AMERICA; LEE CO. SHERIFF MIKE SCOTT;
JOHN AND JANE DOES; DEFENDANTS FROM
CASE 07-CA-14942-Fl. 20th Circuit,

           Defendants.
_____

## REPORT AND RECOMENDATION

**To the United States District Court:**

       This matter comes before the Court on the Plaintiff Patrick Lorne Farrell's Affidavit of Indigency Construed as a Motion to Proceed *In Forma Pauperis*(Doc. #3) filed on January 13, 2009.

       The Plaintiff seeks to proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Amended Complaint (Doc. # 34) filed on May 6, 2009, with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that he has insufficient resources to conduct the litigation, but the Court must now review the Complaint to determine if it lacks arguable basis in law or fact.

The Plaintiff filed his Amended Complaint (Doc. # 34) on May 6, 2009, alleging Fraud Pursuant to 8 U.S.C., 15 U.S.C., F.D.U.T.P.A. F.S. 876.101, F.S.817, F.S.545, F.S.896.101; 17 U.S.C. 511, and the Federal Copyright Infringement Act of 1978. The Plaintiff alleges mortgage fraud based upon two (2) cases, 07-ca-16767 Wells Fargo v Patrick Farrell, and 07-ca-14942 Patrick Farrell v GMAC, in the Circuit Court for the Twentieth Circuit Court in and for Lee County, Florida. The Plaintiff is alleging the Defendants committed mortgage fraud when they foreclosed on his house in Cape Coral, Florida.

### *Count I*

The Plaintiff's First Cause of Action alleges trespass, fraud, and conspiracy. The Plaintiff accuses all Defendants in this case of trespass, for the foreclosure action of his home based upon a fraudulent contract written by the Defendant banks. The Plaintiff states the Defendants deprived him of his property without due process. However, as noted by the Plaintiff, he was allowed a hearing on March 24, 2008 before Judge John Carlin, in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Thus, he was not denied due process in his foreclosure action.

Under Florida law trespass is defined as follows:

> Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.

Fla. Stat. § 810.08. In this instance, the Plaintiff has failed to present any fact establishing that any of the Defendants illegally entered onto his property. Thus, his claim for trespassing lacks merit.

Regarding the charges of fraud, the Plaintiff only makes general allegations against a host of state officials involved in the foreclosure of his house and against the United States Congress for passing laws that allowed the bundling of mortgages and the issuing of high risk mortgages. The essential elements of common-law fraud are:(1) a false statement of fact, (2) known by the person making the statement to be false at the time it was made, (3) made for the purpose of inducing another to act in reliance thereon, (4) action by the other person in reliance on the correctness of the statement, and (5) resulting damage to the other person. Gandy v Trans World Computer Technology Group, 787 So. 2d 116, 119 (Fla 2d DCA 2001). Furthermore, to allege fraud in federal court, the Plaintiff "must state with specific particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed R. Civ. P. 9(b). Here, the Plaintiff does not make allegations with the required particularity as to how the Defendants Judge John Carlin, the Florida Default Group, the Lee County Clerk Charlie Green, and Stanley Kurek made statements that he relied upon to his detriment. Nor has the Plaintiff presented any basis for the claim the Defendants converted his home to their ownership. The Plaintiff presents no factual basis for the claim.

The Plaintiff makes no conspiracy allegations in count I. As such, it is respectfully recommended that Count I does not present a cause of action for which relief can be granted.

### Count II

The Plaintiff's second cause of action is for breach of contract related to all officials. The Plaintiff alleges that by taking an oath of office the state officials entered into a contract with him and that they breached that oath. The Plaintiff states the breach of the oath was the proximate cause of all of his damages. The elements for an action for breach of contract are: (1) a contract; (2) a breach of contract; and (3) damages resulting from the breach of contract. Warfield v. Stewart, 2007 WL 3378548 * 6 (M.D. Fla. November 12, 2007) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)). In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. Warfield v. Stewart, 2007 WL 3378548 * 6.

Under Florida law, the elements required to form a contract are: (1) offer; (2) acceptance; (3) consideration. Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F. Supp. 2d 1315, 1323 (M.D. Fla. 2002). By merely alleging that the Defendants took an oath of office, the Plaintiff fails to establish the elements that form a contract under Florida law. Since no contract was formed between the Plaintiff and the Defendant, it is respectfully recommended that the Plaintiff's claim for breach of contract fails to state a claim for which relief can be granted.

### Count III

The Plaintiff's third cause of action alleges that all Defendants named and unnamed who are processing and/or benefitting from foreclosures filed with a lost note affidavit, bogus transfer of

assignment of mortgage, and/or procured by fraudulent means are engaged in money laundering in violation of Fla. Stat. § 896.101 and Racketeer Influenced and Corrupt Organizations Act (RICO) Fla. Stat. § 895.

Florida statute § 896.101 makes it unlawful for a person to knowingly use property in a financial transaction which represents the proceeds of some form of unlawful activity. The Plaintiff alleges that the Defendants were engaged in selling racketeering by converting bogus promissory notes that were procured by fraud and counterfeit money into assets by sale a auction. The Plaintiff's claim lacks merit. As noted above, under Fed. R. Civ. P. 9, allegations of fraud must be made with particularity. General allegations that someone is using counterfeit money to purchase property at auction must be supported by some factual basis. The Plaintiff has failed to make a supported claim for fraud. Thus, it is respectfully recommended Count III fails to state a claim upon which relief can be granted.

<em>Count IV</em>

The Plaintiff's fourth cause of action alleges that Charlie Crist, Governor of Florida, Bill McCollum, Florida's Attorney General, Alex Sink, Florida's Treasurer, and Countrywide Financial, committed mortgage fraud. The Plaintiff states from February 2008,until October 2008,Plaintiff complained about the mortgage fraud issues detailed in case 07-CA-14942 to persons employed by the state of Florida,and/or the United States. The Plaintiff made complaints to Attorney General Bill McCollum, the Department of Business & Professional Regulations, Don Saxon, Senator Burt Saunders, Senator Ken Pruitt, Lt. Governor Jeff Kottkamp, Governor Charlie Crist, Congressman Connie Mack, State Attorney Stephan Russell, Lee County Sheriff Mike Scott, and C.F.O. Alex

Sink. The Plaintiff states that none of these defendants or any other persons, did anything on his behalf in any way, shape or form.

Failure of elected officials to give aid to their constituents is not a matter of fraud. To properly allege fraud, the Plaintiff must state how he relied upon a statement made by one of the Defendants which led to his damages. <u>Gandy</u>, 787 So. 2d 116, at 119. The Plaintiff even notes that Attorney General Bill McCollum sued Countrywide Financial on behalf of 57,000 residents of Florida, including the Plaintiff. Thus, the Plaintiff's own Complaint contradicts his allegation that no action was taken on his behalf by the Defendants. However, the Plaintiff fails to allege how the Defendants committed fraud against him and, therefore, it is respectfully recommended that his Complaint fails to state a cause of action upon which relief can be granted.

### *Count V*

In his fifth cause of action the Plaintiff alleges a copyright violation against the Defendant Wells Fargo. The Plaintiff states that Wells Fargo violated the use of the copyrighted name Patrick Lorne Farrell© with the intent of procuring money by selling his property. To establish a prima facie case of copyright infringement, the Plaintiff must show that (1) he owns a valid copyright, and (2) that the Defendants violated the copyrighted materials. <u>Portionpac Chemical Corp. v. Sanitech Systems, Inc.</u>, 217 F. Supp. 2d 1238, 1245 (M.D. Fla. 2002). The Copyright Act requires that a work must be an original work of authorship to receive copyright protection. To be "original," the work does not need to be novel; rather, "originality" is a constitutional requirement that means that the work "was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." <u>Id.</u> at 622. As such, works lacking a minimal degree of creativity are not proper subjects for copyright protection. <u>Id.</u>

In this instance, a person's name, lacks the required originality necessary to establish that the name is copyrightable material. As such, it is respectfully recommended the Plaintiff's Complaint fails to state a matter upon which relief can be granted.

## *Count VI*

The Plaintiff's sixth cause of action alleges the Defendants Pinnacle Financial, ImpacSecured Assets Corporation, Wells Fargo Bank, Countrywide Financial, G.M.A.C. have all engaged in a national scheme of mortgage related bank, lending, and securities fraud. The Plaintiff alleges that the seller told him the house's value would go up. Based upon this information the Defendants made statements that the value would go up on the property. Courts generally, routinely dismiss such statements as soft puffing. In re Winn-Dixie Stores, Inc. Securities Litigation, 531 F. Supp 2d 1334, (M.D. Fla. 2007). Statements classified as "corporate optimism" or "mere puffing" are typically forward-looking statements, or are generalized statements of optimism that are not capable of objective verification. Cutsforth v. Renschler, 235 F. Supp. 2d 1216, 1239 (M.D. Fla. 2002). Vague, optimistic statements are not actionable because reasonable investors do not rely on them in making investment decisions. Id. Thus, puffing statements cannot support a securities fraud claim because such statements are too vague to verify and are therefore, immaterial. As a result, it is respectfully recommended that Count VI fails to state a claim upon which relief can be granted.

## **CONCLUSION**

The Plaintiff's Amended Complaint fails to set forth a claim for which relief can be granted. Thus, its is respectfully recommended that the Plaintiff's Motion for IFP should be denied.

Accordingly it is hereby

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff Farrell's Affidaivit of Indigency Construed as a Motion to Proceed In Forma Pauperis (IFP) (Doc. #3) should be **DENIED**.

(2) It is further **Respectfully Recommended** that the Amended Complaint (Doc. # 34) should be **DISMISSED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this 21st day of May, 2009.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record